NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HECTOR DANIEL MORENO-BARASA,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 24-4816

Agency No. A098-949-622

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 31, 2026[**]
San Francisco, California

Before: NGUYEN, MILLER, and COLLINS, Circuit Judges.

Hector Daniel Moreno-Barasa, a citizen of El Salvador, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") affirming an order of

an Immigration Judge ("IJ") denying his application for withholding of removal.[1]

We have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C.

§ 1252. We review de novo the agency's legal conclusions, including whether a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[1] Moreno-Barasa does not challenge the agency's denial of his application for relief under the Convention Against Torture. The issue is therefore forfeited. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013).

particular social group is cognizable. *See Nguyen v. Barr*, 983 F.3d 1099, 1101 (9th Cir. 2020). We review the agency's factual findings for substantial evidence. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the latter standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

To be eligible for withholding of removal, an applicant must show that he would likely suffer persecution because of his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Before the IJ, Moreno-Barasa asserted that he faced persecution based on his asserted membership in the particular social groups of "Salvador[]ans who have opposed or resisted the different gangs," and "Male Salvador[]ans known to have lived in rival gang territory."

To be cognizable, a particular social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Aleman-Belloso v. Bondi*, 128 F.4th 1031, 1042 (9th Cir. 2024) (citation omitted). Here, the agency properly concluded that there is not sufficient evidence to show that either of Moreno-Barasa's proposed particular social groups meets the particularity requirement. *See Nguyen*, 983 F.3d at 1103.

As to Moreno-Barasa's first proposed social group ("Salvadorans who have opposed or resisted the different gangs"), we agree with the agency that inclusion of terms like "opposed" and "resisted" renders the first proposed particular social group "amorphous, overbroad, diffuse, or subjective," because it could encompass individuals who directly oppose or resist gang activity as well as individuals who engage in more indirect or general conduct, such as using social media to condemn gang violence. *Nguyen*, 983 F.3d at 1103; *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 745–46 (9th Cir. 2008) (holding that "young men in El Salvador resisting gang violence[] is too loosely defined to meet the requirement for particularity"), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1085 (9th Cir. 2013) (en banc).

The agency also properly concluded that Moreno-Barasa had failed to show that his second proposed particular social group ("Male Salvadorans known to have lived in rival gang territory") satisfied the particularity requirement. The fact that this proposed group's definition draws on two immutable characteristics— namely, Moreno-Barasa's sex and his past residences—does not change the fact that the overall definition still fails to "provide a clear benchmark for determining who falls within the group." *Andrade v. Garland*, 94 F.4th 904, 911 (9th Cir. 2024) (citation omitted); *see also Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (explaining that the BIA has observed that "not every immutable

3

characteristic is sufficiently precise to define a particular social group" (citation omitted)).  On this record, the agency properly concluded that Moreno-Barasa had failed to establish clear parameters for ascertaining who is "known" to have "lived' in "gang territory" of a rival gang.  As the BIA noted, the proposed group is not limited in age and would sweep in "broad swaths of society" as "susceptible to victimization" without any clear limits.  *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1078 (9th Cir. 2020) (citation omitted).  Because Moreno-Barasa's failure to establish a cognizable particular social group is dispositive of his eligibility for withholding of removal, we conclude that the agency properly denied his request for such relief.  *See Barbosa v. Barr*, 926 F.3d 1053, 1060 (9th Cir. 2019).

Moreno-Barasa's motion to stay removal (Dkt. No. 2) is denied.

**PETITION DENIED.**